August 1, 2011

The Honorable Elton R. Mathis
Waller County Criminal District Attorney
846 Sixth Street, Suite 1
Hempstead, Texas 77445

Opinion No. GA-0869

Re: Whether a county auditor is responsible for oversight of a constable's continuing education funds allocated under section 1701.157, Occupations Code (RQ-0944-GA)

Dear Mr. Mathis:

The Legislature has directed the comptroller to allocate money to local law enforcement agencies "for expenses related to the continuing education of persons licensed" as law enforcement officers. TEX. OCC. CODE ANN. § 1701.157(a) (West Supp. 2010). You ask three questions related to the authority and duties of the county auditor and county constable with regard to funds held for this purpose in the state law enforcement officer standards and education fund account ("LEOSE funds").[1]

You first ask if the county auditor has "oversight of the books and records of the constable which are related to LEOSE funds made available under [Occupations Code] section 1701.157." Request Letter at 2. The Local Government Code gives the county auditor "general oversight of the books and records of a county, district, or state officer authorized or required by law to receive or collect money or other property that is intended *for the use of the county* or that belongs to the county." TEX. LOC. GOV'T CODE ANN. § 112.006(a) (West 2008) (emphasis added); *id.* § 115.901(a) (West 2008) (requiring that the county auditor examine the accounts of the constable). This office has consistently concluded that "a county auditor is authorized . . . to audit all funds held by an officer in his official capacity, whether or not they are county funds." Tex. Att'y Gen. Op. No. GA-0704 (2009) at 2. Your question arises, however, due to language in Occupations Code subsection 1701.157(c) stating that LEOSE funds received by law enforcement agencies are "subject to audit by the comptroller," and funds spent are "subject to audit by the state auditor."[2] TEX. OCC.

---

[1]Letter from Honorable Elton R. Mathis, Waller County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas at 2 (Feb. 15, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]A statutory predecessor to Occupations Code section 1701.157 required counties and municipalities to conduct their own audit of these funds and send the results of the audit to the comptroller annually. This requirement was deleted

(continued...)

CODE ANN. § 1701.157(c) (West Supp. 2010). You ask whether, because LEOSE fund audits are performed at the state level, the county auditor is prohibited from auditing LEOSE funds. Request Letter at 2.

When possible, we are to harmonize potentially conflicting or overlapping statutes so that effect is given to both. TEX. GOV'T CODE ANN. § 311.026(a) (West 2005). While Occupations Code section 1701.157 grants authority to the named state officials to perform audits on LEOSE funds, it does not expressly revoke the general statutory duty of a county auditor to "examine the accounts, dockets, and records of each . . . constable . . . to determine if any money belonging to the county and in the possession of the officer has not been accounted for and paid over according to law." TEX. LOC. GOV'T CODE ANN. § 115.901 (West 2008); *see also id.* § 115.0035. It is therefore possible to harmonize these statutes by construing them to provide overlapping audit authority to the State comptroller and state auditor and to the applicable county auditor.

You next ask whether the county constable must maintain LEOSE "funds in a bank that has a contract with the county as an official depository of county funds." Request Letter at 2. Chapter 116 of the Local Government Code requires that county officials designate a general county depository where county funds—and funds under the county's control—must ordinarily be deposited. *See* TEX. LOC. GOV'T CODE ANN. §§ 116.001–.155 (West 2008); Tex. Att'y Gen. Op. No. JC-0195 (2000) at 4. Under section 116.021, the commissioners court must select "one or more banks in the county . . . for the deposit of the county's public funds." TEX. LOC. GOV'T CODE ANN. § 116.021(a) (West 2008). Thereafter, the "county treasurer shall transfer to the depository all of the county's funds." *Id.* § 116.113(a). Chapter 116 applies to "money collected or held by a district, county, or precinct officer in a county." *Id.* § 116.002(a). A constable is a county officer. *See* TEX. CONST. art. V, § 24 (including "constables" in a list of county officers that may be removed by district court judges). Thus, LEOSE funds allocated to a county officer, including a constable, must be maintained in the manner required by chapter 116.

Your final question asks about potential alternative methods a county auditor may use to access account records in the event that no direct authority exists. Request Letter at 2. Because we conclude that the county auditor has general oversight over the constable's financial books and records related to LEOSE funds, we need not address your third question.

---

[2](...continued)
in 1997. *See* Act of May 23, 1997, 75th Leg., R.S., ch. 915, 1997 Tex. Gen. Laws 2901, 2902 (codified as an amendment to former Government Code section 415.0845), *repealed by* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 6(b)(1), 1999 Tex. Gen. Laws 1431, 2440. Although county auditors have been relieved of their mandatory duty to annually audit and report their audit results to the comptroller, the repeal of that mandatory obligation does not detract from the county auditor's general oversight and auditing authority.

# S U M M A R Y

Pursuant to Local Government Code section 112.006, the county auditor has "general oversight of the books and records of a county . . . officer authorized or required by law to receive or collect money . . . that is intended for the use of the county or that belongs to the county." TEX. LOC. GOV'T CODE ANN. § 112.006(a) (West 2008). Such authority includes oversight of funds allocated to a constable from the state law enforcement officer standards and education fund account ("LEOSE funds"). Accordingly, LEOSE funds must be maintained in an official county depository pursuant to chapter 116 of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee